UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

  Plaintiff,

v.          ORDER
            Crim. No. 11-228

Jason Bo-Alan Beckman (01),

  Defendant.
_____

  David J. MacLaughlin and Tracy L. Perzel, Assistant United States
Attorney, Counsel for Plaintiff.

  Douglas B. Altman, Counsel for Defendant Jason Bo-Alan Beckman.
_____

  This matter is before the Court on the Government's motion to exclude

evidence of post-fraud mitigation efforts by defendant Beckman.

  The Government asserts that the ponzi scheme at issue in this case was

exposed in July 2009, when the <u>Phillips</u> plaintiffs filed a civil case against the

defendants alleging the currency program was fraudulent.  After the fraud was

exposed, Beckman hired the law firm of Greene Espel to try to get some of the

money back.  The Government asserts that Beckman, acting as though he were a

court-appointed receiver, organized a series of meetings with investors who lost

1

money.  Also, Beckman and Greene Espel attorneys flew to Panama where they initiated two lawsuits relating to property that was purchased with investor funds.  In addition, Beckman, through Greene Espel, coordinated the filing of a criminal action in Switzerland against Trevor Cook.

Beckman has included in his witness list the Greene Espel attorneys hired to purportedly assist him in getting investor money back.  The Government moves to exclude any post-fraud evidence because it will shed no light on whether he intended to defraud investors at the time the investors transferred their funds to the defendants.

The Court has considerable discretion in admitting evidence of acts of subsequent conduct to provide the absence of evil intent.  United States v. Radtke, 415 F.3d 826, 840 (8th Cir. 2005).  The Government argues that evidence of a defendant's conduct in attempting to help or to repay fraud victims after the detection of the fraud is not relevant to whether the defendant intended to defraud those victims in the first instance.  See, e.g., United States v. Mack, Nos. 08-5056, 10-6648, 2011 WL 5925314 (4th Cir. Nov. 29, 2011); United States v. Hollis, 971 F.2d 1441, 1452 (10th Cir. 1992); United States v. Ness, 665 F.2d 248, 251 (8th Cir. 1981).  Further, evidence of an alleged intent to repay money does

not negate the intent to defraud.  <u>United States v. DeRosier</u>, 501 F.3d 888, 894 (8th Cir. 2007).

The Court will allow Beckman to introduce this evidence as it is relevant to his defense.  The Government will have broad leeway on the examination of the witnesses.  Also, the concerns raised by the Government can be addressed in appropriate jury instructions.

IT IS HEREBY ORDERED that the Government's Motion to Exclude Post-Fraud Mitigation Efforts [Doc. No. 206] is DENIED.

Date:   April 19, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court