UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Jason Bo-Alan Beckman (01),

    Defendant.

**MEMORANDUM OF LAW AND ORDER**
Crim. No. 11-228

_____

    David J. MacLaughlin and Tracy L. Perzel, Assistant United States Attorneys, Counsel for Plaintiff.

    Douglas B. Altman, Counsel for Defendant Jason Bo-Alan Beckman.
_____

    This matter is before the Court on the Government's motion for an Order directing defendant Beckman to waive the attorney-client privilege or forego calling Andy Luger as a witness at trial.

    The Government had previously moved to exclude any evidence of post-fraud mitigation efforts on the basis that such evidence has no relevance to the issue of whether Beckman intended to defraud investors at the time the investors transferred their funds to the defendants. The Court denied the motion, finding the evidence was relevant to Beckman's defense. The Court provided, however,

1

that the Government would be given "broad leeway" on cross-examination of any witness testifying as to post-fraud mitigation. (Order dated April 19, 2012, p. 3 [Doc. No. 245]).

The Government asserts that despite Beckman's claim that he does not intend to elicit any private communications he had with Luger, the Government cannot conduct an effective cross-examination of Luger unless Beckman waives the privilege.

A party cannot selectively waive the attorney-client privilege. United States v. Workman, 138 F.3d 1261, 1264 (8th Cir. 1998).

> [Defendant] cannot selectively assert the privilege to block the introduction of information harmful to his case after introducing other aspects of his conversations with [counsel] for his own benefit. The attorney client privilege cannot be used as both a shield and a sword, and [defendant] cannot claim in his defense that he relied on [counsel's] advice without permitting the prosecution to explore the substance of that advice.

Id. (citations omitted).

Beckman asserts that the proffered testimony of Andy Luger will not depend on privileged communications. Luger was hired by Beckman to determine the status and location of investors' money. As a result, the services he provided were more akin to those provided by an accountant or private

investigator, rather than an attorney.  He further argues that his defense is a general denial of intent to defraud.  As such, his employment of attorneys for the purpose of looking for investor money is material to the defense.  In support of his position, Beckman asserts that there are material similarities between his defense and that asserted by the defendant in United States v. White, 887 F.2d 267 (D.C. Cir. 1989).  Beckman's reliance on White is misplaced.

In White, a co-defendant had introduced evidence that White's lawyer told them their conduct was legal.  887 F.2d at 269.  In light of this evidence, the district court allowed additional testimony, over White's objection, concerning a later conversation between White and his attorney, where his attorney told him what they were doing was, in fact, illegal.  Because White did not offer the evidence, the court of appeals found that he did not waive his privilege.  Id. at 270.  By contrast, in this case, Beckman is offering the testimony of counsel, and by offering the testimony, he waives the privilege.

The Court finds that by offering the testimony of Andy Luger as to his efforts to locate and return investor funds, Beckman waives his attorney-client privilege because Luger's efforts in this regard flowed from the private communications between Beckman and Luger.  Accordingly, the Court will grant

the Government's motion.

**IT IS HEREBY ORDERED** that the Government's Motion Directing Defendant Beckman to Waive Protection of Attorney-Client Privilege or Forego Calling Any Luger [Doc. No. 275] is GRANTED. Defendant Beckman is hereby directed to choose between 1) calling Luger and waiving the attorney-client privilege; or 2) not calling Luger as a witness.

Date:   May 22, 2012

                                            s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court