UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Jason Bo-Alan Beckman,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 11-228 (01) (MJD)

_____

David J. MacLaughlin, Assistant United States Attorney, Counsel for

Plaintiff.

Defendant, *pro se*.

_____

This matter is before the Court on Defendant's Motion for Compassionate

Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 719] and the

Government's Motion to Dismiss [Doc. No. 723].

I.      **Background**

Defendant was found guilty by a jury of multiple counts of Mail and Wire

Fraud, Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Money

Laundering, Filing False Tax Returns, and Tax Evasion.  On January 3, 2013,

Defendant was sentenced to term of imprisonment of 360 months, followed by

three years supervised release.  He is currently serving his sentence at Sandstone

FCI, and his release date is January 2, 2038.

## II.    Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's

motion following exhaustion of administrative remedies or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier, "reduce the term of imprisonment (and may impose a term

of probation or supervised release with or without conditions that does not

exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are

applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission."

On May 8, 2020, Defendant submitted a request for compassionate release

under the First Step Act based on a number of factors including his conduct

while serving his sentence and certain medical conditions which he claims put

him at risk for developing serious illnesses from COVID-19.  (Def. Ex. A.)  The

Warden responded on May 19, 2020, informing Defendant that Case Managers

would be reviewing all inmates with COVID-19 factors, and that he would be notified if he were deemed appropriate for home confinement.  (Id.)

The Government has moved to dismiss Defendant's motion on the basis that he has not exhausted his administrative remedies because he requested home confinement, not a reduction in sentence.  The Court will construe Defendant's request to the Warden liberally and consider it a motion to modify his sentence because Defendant essentially raised the same arguments in his request to the Warden as are included in his motion before the Court. Accordingly, the Court finds that Defendant has exhausted his administrative remedies.  See United States v. Brown, 457 F. Supp.3d 691, 697 (S.D. Iowa 2020) (finding that BOP compassionate release requests are not adversarial proceedings, and what is relevant is whether a prisoner made a request to the warden and whether the warden responded to the request).   Accordingly, the Court will deny the Government's motion to dismiss, and order the Government to address Defendant's motion on the merits.

IT IS HEREBY ORDERED that the Government's Motion to Dismiss [Doc. No. 723] is **DENIED**.  The Government shall file a responsive brief to

Defendant's Motion for Compassionate Release on or before December 17, 2020.

Defendant shall file a reply brief on or before January 17, 2021.

Date:   November 17, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court