UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Jason Bo-Alan Beckman,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 11-228 (01) (MJD)

_____

    David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *pro se*.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Doc. No. 719]

## I.   Background

Defendant was found guilty by a jury of multiple counts of Mail and Wire Fraud, Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Money Laundering, Filing False Tax Returns, and Tax Evasion.  His convictions arose from a Ponzi scheme through which he and his coconspirators defrauded victims of more than $193 million.

On January 3, 2013, Defendant was sentenced to term of imprisonment of 360 months, followed by three years supervised release. He is currently serving his sentence at Sandstone FCI, and his release date is January 2, 2038.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

(ii) The defendant is—

>> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A)[1].

This guideline further provides that "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, cmt. 1(D).

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, ___ F. Supp.3d ___, 2020 WL 3634513, at *2-3 (D. Minn. Jan. 2, 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

The Court previously found that Defendant had exhausted his administrative remedies. (Doc. No. 726 (Order dated November 17, 2020).) Therefore, the Court will now address the merits of Defendant's motion.

## III.   Discussion

As to the merits of Defendant's motion, Defendant argues he has demonstrated there are extraordinary and compelling reasons to grant him relief pursuant to § 3582. He argues that under the "catch-all" provision set forth in Application Note 1(D) to U.S.S.G. § 1B1.13, the Court can find there are extraordinary and compelling reasons to grant him relief based on the COVID-19 pandemic, and its effect on the federal prison system. He asserts that his health "is not the same as it was nearly a decade ago" and that he contracted Shingles and was quarantined as a result. He further claims he is now immuno-compromised, and based on his age, he is more susceptible to viral strains, including COVID-19. He further claims that his recent medical lab tests show that he suffers from chronic kidney disease, which is a risk factor identified by the CDC as those most in danger of suffering significant illnesses if he were to contract COVID-19.

To the extent Defendant argues his medical condition warrants relief under § 3582, the Court refers to Application Note 1(A). Under that subdivision, Defendant must demonstrate that he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. At this time, Defendant has failed to make such a showing.

In addition, Defendant's medical records show that he tested positive for COVID-19 on October 1, 2020 and was placed in isolation from October 6 through October 16, 2020. On October 9, 2020, his body temperature was recorded as 97.1 degrees, pulse at 40 beats per minute and that his oxygen saturation rate was 99 percent. (Doc. No. 742, Ex. 2 at 26.) On that date, Defendant reported nasal congestion, but no other symptoms. (Id.) Defendant was again examined on October 16, 2020 and was cleared from quarantine. (Id. at 25.) Fortunately, Defendant has completely recovered and his medical records indicate no current medical issues. (Id. at 31.)

Defendant also argues he is entitled to relief pursuant to Amendment 790 to the Sentencing Guidelines, which clarified the use of relevant conduct in offenses involving multiple participants, as set forth in § 1B1.3(a)(1)(B).  He claims that had he been sentenced when this Amendment was in effect, the Court would not have enhanced his offense level by holding him accountable for acts committed by coconspirators.

Amendment 790 became effective on January 1, 2015 and is not retroactive.  See U.S.S.G. § 1B1.10 (d) (Amendment 790 not listed as an Amendment covered by this policy statement, addressing motions for sentence reduction under 18 U.S.C. § 3582(c)(2)).  Because Defendant was sentenced on January 3, 2013, Amendment 790 has no application here.[2]

Defendant further argues that his "prison record of conduct is replete with demonstrative examples of character of high core values – extending from the tutoring of hundreds to earn their G.E.D.'s, authoring and facilitating numerous ACE classes and higher learning programs and reentry preparation affecting

---

[2] Even if the Amendment was retroactive, Defendant has failed to demonstrate its application would have changed the Court's calculation of his sentence, given the overwhelming evidence that the acts of his coconspirators were "within the scope of the jointly undertaken criminal activity, in furtherance of that criminal activity and were reasonably foreseeable in connection with that criminal activity."  Section 1B1.3(a)(1)(B).

life." (Doc. No. 719 at 13.)  Rehabilitation, however, in and of itself is not sufficient to demonstrate extraordinary and compelling reasons for relief under § 3582.  28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.  Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

The Court further finds that Defendant's claimed rehabilitation, in consideration with those factors set forth in 18 U.S.C. § 3553(a), does not warrant any relief.  Defendant was convicted of multiple crimes involving a Ponzi scheme that defrauded hundreds of victims out of their life savings.  At sentencing, the Court found Defendant had been deceitful for most of his adult life – that he even defrauded his own mother.  The vast trial record clearly demonstrates that Defendant repeatedly took advantage of others, including elderly and vulnerable adults, by using his position as a registered securities broker and by misrepresenting himself as a top-ranked portfolio manager.  He repeatedly lied to his victims and incredibly claimed that he was the only one

7

who stuck around after the fraud was exposed to help his victims recover their money. Yet at trial, the government presented clear evidence that Defendant's lawyers told him, prior to the exposure of the fraud, that the currency scheme was fraudulent and advised him to distance himself from Cook and others. Instead, Defendant proceeded to defraud additional victims of their life savings.

Nothing in Defendant's current motion suggests that he has changed. In fact, his arguments in support of a sentence reduction continue to demonstrate that Defendant has no remorse for his actions and in no way does he take responsibility for his participation in the charged fraudulent scheme.

Accordingly, based on the submissions of the parties, the Court finds that Defendant has failed to show there are "extraordinary and compelling reasons" upon which to grant him relief under § 3582(c)(1)(A) and a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a) and to the applicable policy statements issued by the Sentencing Commission.

IT IS HEREBY ORDERED that Defendant's Pro Se Motion to Modify his Sentence (Doc No. 719) is DENIED.

Date:  January 27, 2021

s/Michael J. Davis<br>Michael J. Davis<br>United States District Court