UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

(01) Jason Bo-Alan Beckman,

       Petitioner.

**ORDER AND
MEMORANDUM OF LAW**
Crim. No. 11-228 (MJD)

Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Plaintiff.

Petitioner, pro se.

This matter is before the Court on Petitioner's Motion to Review Under Rule 59(e). (Doc. No. 807.)

**I.    BACKGROUND**

On October 3, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied in 2018 ("the 2018 habeas order"). (Docs. 571, 695.) The Eighth Circuit denied a certificate of appealability. (Doc. 707.) The United States Supreme Court denied Petitioner's petition for a writ of certiorari. (Doc. 711.) Petitioner next filed a motion for authorization to file a successive habeas petition with the Eighth Circuit, which was denied. (Doc. 712.) Petitioner filed a motion under Fed. R. Civ. P. 60(b) to review the

2018 habeas order, which the Court denied. (Docs. 784, 805.) Petitioner now seeks review of the Court's denial of his Rule 60(b) motion under Fed R. Civ. P. 59(e). (Doc. No. 807.)

## II.     LEGAL STANDARD

> Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

United States v. Okeayainneh, No. CR 11-87 (MJD/HB), 2018 WL 4224080, at *1 (D. Minn. Sept. 5, 2018) (citation omitted). The court "has broad discretion in determining whether to grant or deny a motion" under Rule 59(e). Id. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

> The Rule gives a district court the chance to rectify its own mistakes in the period immediately following its decision. In keeping with that corrective function, federal courts generally have [used] Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits. In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued.

Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (cleaned up) (internal citations omitted) (brackets in original).

### III.   DISCUSSION

Petitioner states that several arguments from his original § 2255 petition have not been addressed.  (Doc. 810 at 1-2.)  Petitioner takes particular umbrage with the Court's summary denial of his Rule 60(b) motion for reconsideration.  The Court was "not required to make a specific rejoinder to each argument advanced by the defendant."  United States v. Barron, 557 F.3d 866, 868 (8th Cir. 2009) (addressing sentencing arguments) (citations omitted); Mendez v. FMC Rochester, No. 020CV1717KMMJFD, 2022 WL 972402, at *2 (D. Minn. Mar. 31, 2022) (citing Keiran v. Home Cap., Inc., No. 10-cv-4418 (DSD/JSM), 2015 WL 5776090, at *2 (D. Minn. Oct. 1, 2015) (stating that the court is not required to repeat and address every argument raised), aff'd 858 F.3d 1127 (8th Cir. 2017)), reconsideration denied, 2022 WL 1522570 (D. Minn. May 13, 2022), aff'd sub nom. Mendez v. FMC Rochester, No. 22-2248, 2022 WL 11485474 (8th Cir. Oct. 20, 2022).

Petitioner makes the following repeat arguments that were addressed in the 2018 habeas order.  Most of Petitioner's arguments are based on his assertion that the Court did not painstakingly re-address arguments in its denial of Petitioner's Rule 60(b) motion that it had already addressed in the 2018 habeas

3

order.  Petitioner's Rule 60(b) motion was not a second chance to reargue claims rejected by the Court in the 2018 habeas order or to assert claims Petitioner's habeas motion did not assert.  Gonzalez v. Crosby, 545 U.S. 524, 529-33 (2005).

Petitioner argues that the Court did not address the following arguments in its order denying his Rule 60(b) motion:

1. The Wrongful Deprivation of Funds to Hire Counsel Argued on Pages 4-6 of Petitioner's Rule 60 Motion;
2. The "Merger Error" Discussed at Pages 7-10 of Petitioner's Rule 60 Motion;
3. The "Adjoinder" Challenge Argued on Pages 16-20 of Petitioner's Rule 60 Motion;
4. The "Vouching" Error Argued on Pages 24-25 of Petitioner's Rule 60 Motion; and
5. The "Exculpatory Evidence" Discussion, Argued at Pages 25-28 of Petitioner's Rule 60 Motion and the "Weighing of the Evidence" issue argued on Pages 21-25 of his Rule 60 Motion.

These arguments were addressed in the 2018 habeas order analyzing Petitioner's ineffective assistance of counsel claims at pages 9-10 (deprivation of funds); 15-19 ("merger error," was addressed, at least in part, by the Court's findings that it did not appear any witness could provide testimony related to the submission of false financial information to the NHL that would cast a shadow on the Government's case);[1] 19-21("adjoinder" challenge/failure to

---

[1] Petitioner's "merger error" argument was first presented in his reply brief in conjunction with the original habeas petition as part of his ineffective assistance

4

sever); 8-26 ("vouching error" discussed as part of ineffective assistance of counsel claim, specifically testimony related to Charlotte Olson); and 2-4, 14-17, and 21-22 (describing evidence against Petitioner as "overwhelming," "substantial," and "vast" such that even had Petitioner's proffered evidence been admitted, the jury verdict would still have been the same).  Contrary to Petitioner's assertion, the Court was not required to discuss every authority cited by Petitioner.  See Mendez, 2022 WL 972402, at *2.

Petitioner also asserted the following new claim for relief in his Rule 60(b) petition: "The 'Reasonable Foreseeability Error' Argued on Pages 10-16 of Petitioner's Rule 60 Motion," which the Court could not address.  See Rouse v. United States, 14 F.4th 795, 799 (8th Cir. 2021) (citing Gonzalez, 545 U.S. at 530).  Contrary to Petitioner's assertion, the Government did not concede that Petitioner preserved this issue or that he does not attack his sentence.  (Docs. 571

---

claims.  (Doc. 672 at 201-15.)  The argument violated D. Minn. L.R. 7.1(c)(3)(B), which states that "a reply memorandum must not raise new grounds for relief . . . ."  The "merger error" was not raised in either Petitioner's original petition or the Government's responsive brief and was, therefore, a disallowed new ground for relief.  (Although Petitioner appeared to state he was merely setting the factual record straight in response to the Government's brief, that was clearly not the case.  This was new argument responsive to nothing in the Government's brief and was properly ignored in the Court's 2018 habeas order.)

at 44, 55-56; 795 at 5 n.1 (noting that Petitioner's reasonable foreseeability argument in his habeas petition referred to Defense Counsel's performance before the jury, not to sentencing errors).)  Even if interpreted as intertwined with Petitioner's ineffective assistance of counsel claims or role reduction claim, the argument is a disallowed repeat argument.  Moreover, contrary to the arguments asserted in Petitioner's voluminous reply brief in conjunction with his original habeas petition, "[s]ubstantial evidence was presented at trial . . . to contradict" Petitioner's claim that "he was not aware of the true nature of the scheme until the Phillips lawsuit was filed in July 2009."  (Doc. 695 at 2.)

  C.  **Procedural Reasons to Deny Petitioner's Motion**

Petitioner did not obtain permission from the Eighth Circuit to file a second or successive § 2255 motion.  Permission is required before a petitioner can seek this relief.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  Petitioner cannot bypass the authorization requirement by claiming to invoke another procedure.  See Boyd, 304 F.3d at 814 (stating that on its face, petitioner's Rule 60(b)(6) motion was a successive § 2255 motion); United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (gathering cases where petitioners filed different types of motions in attempts to bypass

authorization requirement).  Petitioner also failed to file his 60(b) motion within a year of the Court's 2018 habeas corpus determination as required under Fed. R. Civ. P. 60(c)(1).  He further failed to comply with D. Minn. LR 7.1(j), requiring parties to obtain permission of the Court to file motions for reconsideration. Thus, even if Petitioner's motion did not fail on the merits, the Court would deny the motion because it is procedurally barred.

## IV.   ORDER

Based upon all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Review Under Rule 59(e) **(Doc. No. 807)** is **DENIED.**

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated:  April 25, 2023               s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court